UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MT. TAI ASSET MANAGEMENT CORP.,

    Plaintiff,                                      Case No. 09-10685

v.                                               Hon. Gerald E. Rosen

METRO EQUITY GROUP, LLC, COREY
HOWARD, EXCEL ESCROW SERVICES, LLC,
EXCEL TITLE AGENCY, LLC, JANEL CHIPMAN,
JUDITH A. STIRNEMANN, and JENNY KINNAIRD,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT ON CROSS-CLAIM AGAINST CO-DEFENDANTS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 11, 2011

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

## I. INTRODUCTION

By opinion and order dated January 10, 2011, the Court addressed and resolved cross-motions for summary judgment brought by Plaintiff Mt. Tai Asset Management Corp. and Defendants Excel Escrow Services, LLC ("EES"), Excel Title Agency, LLC ("ETA"), and Janel Chipman. In the wake of this ruling, only one motion remains pending before the Court: namely, a motion brought by Defendants EES and Chipman seeking an award of summary judgment in their favor on their cross-claim for

indemnification asserted against Defendants Metro Equity Group, LLC ("MEG") and Corey Howard.[1] Specifically, Defendants EES and Chipman contend that they have established as a matter of law that Defendants MEG and Howard are obligated to indemnify them for any award of damages they are ordered to pay to Plaintiff.

This motion has been fully briefed by the pertinent parties. Having reviewed this motion, the response in opposition, and the accompanying briefs and exhibits, as well as the remainder of the record, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendants' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. As discussed below, the Court readily concludes that this motion must be denied.

## II.  ANALYSIS

The pertinent facts of this case are set forth at length in the Court's January 10, 2011 opinion, and need not be repeated here. As noted, the present motion concerns a cross-claim for implied or common-law indemnification asserted by Defendants EES and Janel Chipman against Defendants MEG and Corey Howard. In support of this cross-claim, Defendants EES and Chipman allege that to the extent they are held liable to

---

[1] Plaintiff's claims against Defendants MEG and Howard have been resolved through the entry of a consent judgment, and its claims against Defendants Judith Stirnemann and Jenny Kinnaird were dismissed through a February 2, 2010 stipulated order.

Plaintiff under the claims asserted against them in Plaintiff's second amended complaint, any such liability would be properly attributable to Defendants MEG and Howard, as EES and Chipman allegedly acted solely at the direction of MEG and Howard in taking the actions giving rise to Plaintiff's claims. Through their present motion, EES and Chipman argue that this entitlement to indemnity is established as a matter of law.

The form of indemnity claimed by EES and Chipman in this case is not based upon any contract, but instead is alleged to have arisen by implication from the parties' conduct. Under Michigan law, this form of "indemnification is an equitable doctrine that shifts the entire burden of judgment from one tortfeasor who has been compelled to pay it, to another whose active negligence is the primary cause of the harm." *St. Luke's Hospital v. Giertz,* 458 Mich. 448, 581 N.W.2d 665, 668 (1998). As EES and Chipman recognize in their motion, common-law or implied indemnification is available only to a party "who is guilty of only passive negligence or vicarious liability," *St. Luke's Hospital,* 581 N.W.2d at 668, and a party who seeks this form of indemnification must be "free from any active negligence," *Paul v. Bogle,* 193 Mich. App. 479, 484 N.W.2d 728, 734 (1992). Thus, "[w]here two or more joint tortfeasors have been actively negligent in contributing to an injury, neither is entitled to indemnification from the other." *St. Luke's Hospital,* 581 N.W.2d at 668. In determining whether the party seeking indemnification is free from active negligence, the Court looks to the allegations of Plaintiff's complaint. *See Feaster v. Hous,* 137 Mich. App. 783, 359 N.W.2d 219, 222 (1984).

Applying these standards here, the Court readily concludes that Defendants EES

3

and Chipman have failed to establish — and certainly not as a matter of law — that they are entitled to common-law or implied indemnification from Defendants MEG and Howard. In Count II of Plaintiff's second amended complaint, Defendants EES and Chipman are charged with negligence and/or breaches of fiduciary duties they allegedly owed to Plaintiff. Notably, Defendants MEG and Howard are not even named in this count of the complaint. As discussed in the Court's January 10, 2011 opinion and order, the claim in Count II arises from *separate duties* allegedly owed to Plaintiff by Defendants EES and Chipman, without regard for whether the actions that constituted breaches of these tort-based and fiduciary duties were undertaken at the direction of Defendants MEG or Howard. (*See* 1/10/2011 Op. at 23-25.)

Indeed, in this prior ruling, the Court found that Plaintiff established as a matter of law that Defendants EES and Chipman breached these duties owed to Plaintiff. In so concluding, the Court expressly rejected EES's and Chipman's contention that they owed duties only to MEG, and that any actions they took with respect to Plaintiff's funds were attributable to (and undertaken at the direction of) MEG and Howard. (*See id.* at 20-21, 24.) In light of Plaintiff's allegations of EES's and Chipman's active negligence — allegations which have now been established as a matter of law — EES's and Chipman's cross-claim of implied or common-law indemnification must fail.[2]

---

[2]In a single line in their response to EES's and Chipman's motion, MEG and Howard request not only that this motion be denied, but that summary judgment be awarded in their favor on EES's and Chipman's cross-claim for indemnification. The Sixth Circuit has instructed that a court should act "with great caution" in awarding summary judgment to a non-moving party, and should do so only if the parties are "on notice" and "have a reasonable opportunity to address"

4

### III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the amended motion for summary judgment brought by Defendants Excel Escrow Services, LLC and Janel Chipman (docket #78) is DENIED.

                                                                  s/Gerald E. Rosen  
                                                                  Chief Judge, United States District Court

Dated:  February 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2011, by electronic and/or ordinary mail.

                                                                  s/Ruth A. Gunther  
                                                                  Case Manager

---

the propriety of such an award. *Shelby County Health Care Corp. v. Southern Council of Industrial Workers Health & Welfare Trust Fund,* 203 F.3d 926, 932-33 (6th Cir. 2000) (internal quotation marks and citation omitted); *see also NL Industries, Inc. v. GHR Energy Corp.,* 940 F.2d 957, 965 (5th Cir. 1991). Indeed, the recently amended version of Fed. R. Civ. P. 56 now makes this explicit, providing that a court may grant summary judgment to a non-moving party only "[a]fter giving notice and a reasonable opportunity to respond." Fed. R. Civ. P. 56(f). The Court does not view the terse, passing mention in MEG's and Howard's response brief as providing the requisite notice to EES and Chipman that they faced the prospect of an award of summary judgment against them. Accordingly, the Court declines to decide at the present juncture whether such an award might be warranted.